UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDY BENNETT,

      Plaintiff,                CASE NO.:

v.

JDC VENTURES, LLC, a Florida
Limited Liability Company d/b/a
CALOOSAHATCHEE JACK'S
BAR & GRILL, and JACK D. COOK,
Individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRANDY BENNETT ("Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendants, JDC VENTURES, LLC, a Florida Limited Liability Company, d/b/a CALOOSAHATCHEE JACK'S BAR & GRILL ("JDC"), and JACK D. COOK, Individually ("COOK") (collectively "Defendants"), and in support thereof states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain declaratory relief, a judgment against Defendants as to liability, to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

3.     Venue is proper in this Court because the Plaintiff resides within the District and Defendants maintain business operations within the District.

## PARTIES

4.     At all times material to this action, Plaintiff was, and continues to be, a resident of Lee County, Florida.

5.     At all times material to this action, Defendant JDC was, and continues to be, engaged in business in Florida, doing business, among other counties, in Lee County, Florida.

6.     Based on information and belief, at all times material hereto, Defendant COOK was an individual resident of the State of Florida, Lee County.

7.     At all times material hereto, Defendant COOK was the manager of JDC, and regularly exercised the authority to: (a) hire and fire employees of JDC; (b) determine the work schedules for the employees of JDC; and (c) control the finances and operations of JDC.

8.     Defendant COOK is an employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of JDC with respect to Plaintiff's employment.

9.     At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 of the FLSA.

10.     At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

11.     At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

12.     Defendants were, and continue to be, "employers" within the meaning of the FLSA.

13.     At all times material to this action, Defendant JDC was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14.     Based upon information and belief, the annual gross revenue of Defendant JDC was in excess of $500,000.00 per annum during the relevant time periods.

15.     At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as cash registers, telephones, cleaning supplies and liquor, which were used directly in furtherance of Defendants' commercial activity of running a restaurant.

16.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

17.     In 2011, Defendants hired Plaintiff to work as bartender.  Plaintiff was employed by Defendants in this position through March 21, 2016.

18.     Plaintiff's job duties included, but were not limited to, cleaning the bar, stocking the bar, and serving customers for the Defendants' business.

19.     In one or more workweeks between 2011 to March 21, 2016, Defendants failed to pay Plaintiff at least the applicable minimum wage for all hours worked. Specifically, with the exception of only a few weeks of her employment, throughout her

employment with Defendants through March 2016, Defendants paid Plaintiff no direct wage.

20.     In each workweek prior to October 2015 during which Plaintiff worked for Defendants, Plaintiff's compensation consisted entirely of tips and she received no direct wage from Defendants.  This resulted in a minimum wage deficiency under the FLSA.

21.     In the majority of workweeks between November 2015 and March 2016 during which Plaintiff worked for Defendants, Plaintiff's compensation consisted entirely of tips and she received no direct wage from Defendants.  This resulted in a minimum wage deficiency under the FLSA.

22.     Under the FLSA, an employer who fails to provide information required by section 203(m), regarding the tip-credit and use of tip pools, cannot use the tip credit provisions and therefore must pay the tipped employee at least the minimum wage, and allow the tipped employee to keep all tips received.

23.     Defendants did not provide Plaintiff notice required by Section 203(m) of the FLSA.

24.     Despite its failure to provide the notice required by Section 203(m), Defendants failed to pay Plaintiff at least regular minimum wage, as required by the FLSA.

25.     Plaintiff is entitled to receive the applicable minimum wage pursuant to §206(a) of the FLSA.

26.     Plaintiff is entitled to the Florida minimum wage pursuant to §29 C.F.R §778.5.

27.    Plaintiff should be compensated at a rate not lower than the applicable minimum wage during all relevant times for all hours worked as required by the FLSA.

28.    Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

29.    Defendants have violated Title 29 U.S.C. §206 during the term of Plaintiff's employment, in that:

      a.    Defendants have failed to pay Plaintiff proper minimum wage for all of her hours worked for Defendants as required by the FLSA;

      b.    No payments, and provisions for payment, have been made by Defendants to properly compensate at the statutory minimum wage for each hour worked as provided by the FLSA;

      c.    Defendants failed to provide Plaintiff with the statutorily required notice under 29 U.S.C. §203(m); and

      d.    Upon information and belief, Defendants have failed to maintain proper time and pay records as mandated by the FLSA.

30.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rate and amount required by the FLSA was and is willful, as Defendants knew or should have known that failure to pay Plaintiff at all throughout most of her employment was in violation of the FLSA.

31.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

32.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

33.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF MINIMUM WAGE COMPENSATION

34.     Plaintiff re-alleges paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.     Plaintiff was entitled to be paid the applicable minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendants.

36.     Defendants failed to pay Plaintiff the applicable minimum wage for each hour Plaintiff worked for Defendants.

37.     Defendants failed to provide proper notice of Defendants' intent to claim the tip credit, as required by 29 U.S.C. §203(m).

38.     As a result of Defendants' actions in this regard, Plaintiff has not been paid the applicable minimum wage for each hour worked during one or more weeks of employment with Defendants.

39.     Defendants had specific knowledge that it was paying sub-minimum wage to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

40.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the lawful minimum wage when it knew, or should have known, such was, and is, due.

41.     Upon information and belief, at all times material hereto, Defendants failed, and continue to fail, to maintain proper time and pay records as mandated by the FLSA.

42.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

43.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost minimum wages for one or more weeks of work contrary to 29 U.S.C. §206.

44.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this _22nd_ day of August, 2016.

Respectfully Submitted,

Angeli Murthy, Esquire
FBN: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*