UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDY BENNETT,

    Plaintiff,

v.                                             Case No: 2:16-cv-649-FtM-99CM

JDC VENTURES, LLC and JACK
D. COOK,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Default (Doc. 16) filed on November 22, 2016. On August 24, 2016, Plaintiff filed a Complaint against Defendants JDC Ventures, LLC ("JDC") and Jack D. Cook ("Cook") (collectively "Defendants"). Doc. 1. On November 22, 2016, Plaintiff filed two Returns of Service and this present motion seeking clerk's entry of default against Defendants. Docs. 14, 15, 16.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).  Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process.  *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation, partnership, or other unincorporated association that is subject to suit under common name, can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (e)(1); *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (stating that a Plaintiff may serve process on a limited liability company pursuant to Rule 4(h), Federal Rules of Civil Procedure).  Florida Statutes provide that process against a limited liability company may be served upon, *inter alia,* the company's registered agent or an employee of the registered agent.  Fla. Stat. § 48.062(1).  Each limited liability company shall designate and continuously maintain in this state a registered office.  Fla. Stat. § 605.0113(1)(a).  The registered agent must be an individual who resides in this state or a foreign or domestic entity authorized to transact business in this state and whose business address is identical to the address of the registered office.  Fla. Stat. § 605.0113(1)(b)(1).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States.  Fed. R. Civ. P. 4(e)(2)(A).  The process server may deliver a copy of the summons and

complaint to the individual personally, or "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B).

Here, the first Return of Service states that on August 31, 2016, a process server for Tropical Surveillance and Investigations delivered a true copy of the Summons in a Civil Action, Complaint and Demand for Jury Trial, and Notice of Filing Notice of Consent to Join and Standing Order to Stephanie McMillan, a day manager of JDC, at 11491 S. Cleveland Avenue, Fort Myers, FL 33907. Doc. 14. The second Return of Service states that on September 6, 2016, a process server for Tropical Surveillance and Investigations delivered a true copy of the Summons in a Civil Action, Complaint and Demand for Jury Trial, and Notice of Filing Notice of Consent to Join and Standing Order to Jack D. Cook at 119 SW 58th St., Cape Coral, FL 33914. Doc. 15. A search of the Florida Department of State, Division of Corporations' website reveals that Jack D. Cook also is a registered agent of JDC.[1] Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Rule 4(h) of the Federal Rules of Civil Procedure.

---

[1] www.sunbiz.org

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendants have failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Clerk's Default (Doc. 16) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendants Jack D. Cook and JDC Ventures, LLC d/b/a Caloosahatchee Jack's Bar & Grill.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of November, 2016.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record