```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

BRANDY BENNETT,

       Plaintiff,

v.                               Case No: 2:16-cv-649-FtM-99CM

JDC VENTURES, LLC, a Florida limited liability company and JACK D. COOK, individually,

       Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Final Default Judgment (Doc. #21) filed on January 31, 2017. No response has been filed and the time to do so has expired. The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

On August 24, 2016, plaintiff Brandy Bennett (plaintiff) filed a one-count Complaint (Doc. #1) against her former employer, JDC Ventures, LLC (JDC) and Jack D. Cook (Cook) (collectively "defendants"). Plaintiff alleges that Cook was the manager of JDC and her direct supervisor with authority to hire and fire employees, determine work schedules, and control the finances and operations of JDC. (Id. at ¶ 7.) Plaintiff seeks damages for defendants' willful failure to pay minimum wage compensation under

the Fair Labor Standards Act, 29 U.S.C. 207 (FLSA). Because defendants failed to respond to plaintiff's Complaint, a Clerk's Entry of Default (Doc. #18) was entered on November 29, 2016. Plaintiff now moves for the entry of judgment against defendants.

**II.**

When a default judgment occurs, a defendant admits the plaintiff's well-pled allegations of fact. If liability is well pled, it is established by virtue of a default judgment. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). The mere entry of a default by the clerk does not in itself warrant the entry of default by the Court. Rather the Court must find that there is sufficient basis in the pleadings for the judgment to be entered." GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (citation omitted). A complaint must state a claim in order for default judgment to be granted. Id.

According to the Complaint, upon information and belief at all relevant times, defendant JDC was an enterprise engaged in interstate commerce, or the production of goods for interstate commerce, with an annual gross revenue in excess of $500,000. (Doc. #1, ¶ 13-14.) In the Complaint and plaintiff's Affidavit filed in support of default (Doc. #21-1), plaintiff pled and averred that she was hired in 2011 and worked for defendants as a Bartender until her employment ended on March 21, 2016. (Id. at

¶ 17.)  Plaintiff engaged in interstate commerce by operating the cash register, telephones, and serving liquor, which were used directly in furtherance of defendants' commercial activity.  (Id. at ¶ 15.)  Plaintiff alleges that in one or more workweeks between 2011 to March 21, 2016, defendants failed to pay plaintiff at least the applicable minimum wage for all hours worked.  Specifically, with the exception of only a few weeks of her employment, defendants paid plaintiff no direct wage, and plaintiff only earned tips.  (Id. at ¶¶ 19-21.)

In her Affidavit, plaintiff sets forth a table detailing the amount she is owed based upon her reasonable recollection of hours worked, as defendants did not maintain time sheets.  (Doc. #21-1, ¶ 9; Doc. #1, ¶ 29.)  Plaintiff states that she is owed unpaid minimum wage compensation $26,086.54 for three-years of work within the statute of limitations period.  (Doc. #21-1, ¶ 11.)  This figure was arrived at after reducing the amount of unpaid minimum wages by $1,922.42, which is an amount that her employer has indicated she was paid in "indirect wages."  (Id. at ¶ 10.)

FLSA requires employers to pay their employees at least the federal or state minimum wage, whichever is greater, for every hour worked.  See 29 U.S.C. §§ 206, 218(a).  Under the FLSA, an employer who fails to provide information required by Section 203(m) of the FLSA regarding the tip-credit and use of tip pools, cannot use the tip-credit provision and therefore must pay the

tipped employee at least the minimum wage, and allow the employee to keep all tips received.  29 U.S.C. § 203(m).  Here, plaintiff alleges that defendants did not provide plaintiff notice required by Section 203(m) of the FLSA.  (Doc. #1, ¶¶ 22-23.)  Thus, the lowest wage defendants could have paid plaintiff was $7.79 an hour (2013); $7.93 an hour (2014); $8.05 (2015-16), without any offset for tip wages.  While plaintiff has not produced any time sheets or time cards, "the employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1373 (11th Cir. 1999) (citations omitted).  The Eleventh Circuit has held "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  Patel v. Wargo, 803 F.2d 633, 637-38 (11th Cir. 1986).

The Court finds that plaintiff has adequately pled the failure to pay minimum wage compensation under the FLSA against defendants, which allegations are deemed admitted, supporting the entry of a default judgment against defendants as to Count I.

**III.**

With regard to damages, plaintiff submitted an Affidavit as to her hours and wages. (Doc. #21-1.) In the motion, plaintiff asserts a claim for the unpaid minimum wage in the amount of $26,086.54, plus an equal amount for authorized liquidated damages. This amount was reached by multiplying the number of hours worked per week by the minimum wage rate for that applicable time period. (Id.) Finding no records available to the contrary, the Court will grant the motion as to the requested minimum wage compensation ($26,086.54) and an equal amount for liquidated damages[1] ($26,086.54) for a total of ($52,173.08) as to Count I.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion for Final Default Judgment (Doc. #21) is **GRANTED.** The Clerk shall enter default judgment in favor of plaintiff and against defendants as to Count I for unpaid minimum wage compensation in the amount of $26,086.54, and an equal amount of liquidated damages in an amount of $26,086.54, for a total of $52,173.08.

---

[1] Under the FLSA, liquidated damages are mandatory unless the employer can show that it acted in good faith and had reasonable grounds to believe that its actions did not violate the FLSA minimum wage requirement. See Joiner v. City of Macon, 814 F.2d 1537 (11th Cir. 1987).

2. The Clerk is further directed to terminate all pending matters and to close the file.

3. Any motion for attorney's fees and/or costs shall be filed within **FOURTEEN (14) DAYS** of the entry of judgment.

**DONE and ORDERED** at Fort Myers, Florida, this __7th__ day of March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record